## A. & P. Roberts & Co. v. Iron Car Equipment Co., Appellant.

*Coupons—Execution of—Evidence—Rule of court.*

In an action upon coupons, where no affidavit has been filed denying proper execution, as provided by rule of court, evidence that the coupons were not properly executed will be excluded at the trial.

*Coupons—Agreement of creditors—Corporation.*

In an action against a corporation to recover on coupons, evidence that plaintiff entered into a written agreement with other creditors that they would take stock in the company for the principal of their debts is inadmissible.

Argued April 16, 1894. Appeal, No. 101, July T., 1893, by defendant, from judgment of C. P. Huntingdon Co., May T., 1893, No. 10, on verdict for plaintiff, Percival Roberts, trading as A. & P. Roberts & Co. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit on coupons.    Before FURST, P. J.

At the trial, plaintiff offered in evidence the bonds to which the coupons had been attached.   Defendant objected to the admission of the bonds and coupons on the ground that they had not been properly executed.   No affidavit had been filed prior to the trial denying the valid execution of the bonds and coupons.   The pleas were, non assumpsit, payment, and payment with leave, etc.   Rule of Court No. 118, provided as follows : " Pleas in abatement and other dilatory pleas of puis darrein continuance, the plea of non est factum, and any other plea, in order to have the effect of putting in issue execution of the writing on which the claim is founded, shall be drawn at length and filed, and shall be verified by the affidavit of the party or some one for him."

The court overruled the objection upon the ground : (1) That the recitals in the mortgage reciting the bonds, and the various acknowledgments of the mortgage showed proper execution ; and (2) that there was no plea of non est factum as required by the rule of court.   Bill sealed.   [1]

Defendant offered in evidence a circular letter signed by plaintiff and other creditors, in which they agreed with each other to accept stock in defendant company in payment of their debts.

By the Court : This is an action brought by this plaintiff against The Iron Car Equipment Co. by a writ of foreign attachment predicated upon certain coupons, or for interest due and accrued between Jan. 1, 1892, and Jan. 1, 1893.   An offer of evidence has been made by the defendant to show a composition or agreement between creditors—not an agreement between defendant and creditors but an agreement between creditors themselves—by the offer of a circular letter dated May 26, 1892, together with a letter signed by this plaintiff dated July 16, 1892.   The evidence fails to show that there is any consideration for the circular letter of May 26, 1892; and the evidence further fails to show that all creditors or mortgage bondholders assented thereto.   The evidence further fails to show that The Iron Car Equipment Co. ever did any act securing or issuing preferred stock according to the proposition contained in the circular letter.   We therefore think that this offer neither shows composition or demand, nor is it a bar to plain-

tiff's right to recover judgment, which is but the liquidation of the amount due on his coupons. If the defendant company, who is not a party to this circular letter, has an equity arising out of any composition between creditors, it is an equity which would appeal to the equitable powers of this court, which could be properly enforced in restraining execution upon the judgment; but in no event would it prevent the plaintiff from having the amount of accrued interest liquidated by a verdict of the jury. We therefore overrule this offer of evidence and seal a bill for the defendant. [2]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exceptions; (3) refusal of defendant's eight points, quoting them all under the one specification.

*George B. Orlady*, for appellant, cited act of May 25, 1887, P. L. 272.

*Samuel T. Brown, Charles G. Brown* with him, for appellee, cited : Shartzer v. School Dist., 90 Pa. 192 ; George v. Bell, 7 W. N. 110 ; Act of May 25, 1887, P. L. 272 ; Allen v. Allen, 23 W. N. 371 ; Emmens v. Gebhart, 7 Pa. C. C. R. 522 ; Ehret v. Lewis, Id. 108.

Per Curiam, April 30, 1894 :

In view of the evidence properly before the jury in support of plaintiff's claim, there was no error in directing the jury to find as they did. Neither of the specifications of error is sustained.

Judgment affirmed.

Cf. Conshohocken Tube Co. v. Iron Car Equipment Co., below, page 391.